**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Cindy Magelky, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER RE RESOLUTION** |
| | ) | **OF DISCOVERY DISPUTES** |
| vs. | ) | |
| | ) | |
| BNSF Railway Company, a corporation, | ) | |
| | ) | Case No.: 1:06-cv-025 |
| Defendant. | ) | |

Pursuant to the court's standing order in this action, the court conducted a telephone conference on May 18, 2007, in an attempt to resolve several discovery disputes. At the conclusion of the conference, the parties agreed that the court could proceed to resolve the disputes based upon the record of the conference call and certain letters that the court will order be filed as part of the record.

Plaintiff is now seeking an order from the court allowing her to (1) take an additional six fact-witness depositions - four medical managers and two other fact witnesses, (2) continue with the depositions of two other fact witnesses, and (3) depose two of the defendant's experts - all after the time period for discovery has passed and the ten deposition limit agreed upon in the parties' litigation plan (which is also the presumptive limit under Rule 30) has been exceeded. The trial is scheduled to begin on July 16, 2007.

Before turning to the particulars, the court is frustrated by the fact that plaintiff's counsel has waited this long to present these disputes to the court. But, while not providing a complete excuse, it does appear that the disputed depositions have been the subject of ongoing negotiation with opposing counsel, in some cases after the relevant deadline established by the court's pretrial order

1

had passed.  It also appears that plaintiff's counsel, perhaps unrealistically, had some expectation the issues would be resolved without court intervention, which the court encourages.  The defendant takes the position that "rules are rules" and the sanction for their violation in this case must be denial of the relief requested; otherwise, the defendant argues, there will be no incentive to follow the pretrial deadlines.

Not every violation of the pretrial deadlines, however, requires the ultimate sanction.  Relief from the deadlines can be granted upon a showing of good cause, the ultimate goal being to see that justice is done for both parties.  Moreover, there is sufficient incentive for compliance because a party is always at risk that any requested relief will be denied for non-compliance.

Turning to the particular matters in dispute, the court hereby **ORDERS** as follows:

1. Depositions of defendant's experts

Defendant objects to the plaintiff taking the depositions of two of its experts:  Dr. Cooper and Tom Paton.  The primary objection is that the plaintiff failed to arrange for the depositions on a timely basis and passed on a date when Dr. Cooper was available.  Also, defendant argues that Paton's deposition should have been taken when the defendant's attorney was in Atlanta for another deposition in the case and that the expense and time of having to make a return trip is not justified.

There is considerable disagreement between the counsel for the parties as to who said what, and when, regarding the scheduling of the two expert depositions, and it is difficult for the court to now sort out these matters without a full-blown evidentiary hearing.  But, it does appear that plaintiff's counsel were less than diligent in getting the depositions scheduled on a timely basis. Nevertheless, the defendant has taken the depositions of plaintiff's experts, and the time period for completing the expert depositions became compressed at the end, which appears to have exacerbated

the problem. Also, it appears the matter was the subject of continued discussion right up to the deadline for the taking of the expert depositions with plaintiff offering to take them by telephone and the defendant's attorney objecting on the grounds that he needed to travel to be present with his witnesses.

In this situation, the court is concerned about <u>unduly</u> penalizing the plaintiff for what appears to have been poor planning on the part of her counsel, particularly when there appears to be sufficient time to complete the depositions with some restrictions. Consequently, the court will permit the depositions, but subject to the following conditions:

    a.    The depositions shall be taken by telephone conference, which alleviates the necessity of defense counsel having to travel both to Fargo and the Atlanta area. Defense counsel states that his standard-of-practice necessitates traveling to these locations, nonetheless, so that he can be in the same room with his experts. While this may be preferred or optimal, the court is not convinced it is necessary with respect to either of these two deponents. If counsel chooses to travel that is his choice.

    b.    Plaintiff's portion of the deposition of Dr. Cooper shall not extend beyond 75 minutes. Dr. Cooper has already generated a very lengthy and complete report and will be testifying at trial. Given the nature of the testimony and the completeness of the report, anything meaningful in terms of discovery can be accomplished in less than an hour of examination; hence 75 minutes should be more than sufficient.[1]

---

[1] This is assuming no significant interruptions and sniping among counsel. In reviewing the deposition transcripts that have already been taken in this case, far too much of this has gone on.

       c.       In order to help alleviate some of the scheduling problems, the depositions may be taken anytime up to the time of trial.

      2.      <u>Depositions of Mr. and Mrs. Bray</u>

Counsel also seek to depose Mr. and Mrs. Bray. While the court is not aware of the full scope of their anticipated testimony, it appears that they (along with Keith, Shirley, and Larry Magelky and Carla Shypkoski - all of whom have been deposed) are going to offer testimony that the plaintiff made one or more statements that she was going to arrange for an injury so that she could get a big settlement from the defendant. If the jury believes the testimony of these witnesses, the result is likely to be devastating for the plaintiff's case.

Obviously, the court is not in a position to evaluate the veracity of these witnesses, but, apparently, there is more than one person who is prepared to offer testimony along these lines. On the other hand, there appears to be significant animosity between those who claim to have knowledge of such statements and the plaintiff, which arises out of marital and child custody disputes, including prior and pending litigation. Further, there are allegations that the persons who claim to have knowledge of the statements, some of whom live in different parts of the country, are engaged in a coordinated campaign against the plaintiff. Finally, the matter is also complicated by an allegation that plaintiff has obtained certain computer information from the Brays in an inappropriate manner and that the defendant may somehow want to get into this issue at trial.

With respect to the objection that the depositions of the Brays will exceed the ten deposition limit, defendant claims this is nothing more than a "slip and fall" case and that more than ten depositions are excessive. While this may be a "slip and fall" case from the standpoint of the initial

accident, it is somewhat more complex given the differing theories of FELA liability that are presented (*i.e.*, the coupling failure and the alleged failure to provide a safe walkway) and the extent of the claimed injuries. Further, the desire to present testimony of plaintiff's alleged admissions regarding faking an accident and/or injury introduce another wrinkle that makes this more than a "run-of-the-mill" personal injury case. In fact, four of the twelve depositions that have already been taken have been directed primarily to this issue. Finally, in examining the list of depositions already taken, it appears these depositions were not unreasonable. Consequently, given the nature of the possible testimony of the Brays and its importance to the case, good cause for exceeding the ten deposition limit has been demonstrated. The trial judge in this case will want to be certain that the plaintiff has had a fair opportunity to contest the potentially devastating testimony of her alleged statements against interest if the evidence is to be admitted.

In terms of the plaintiff's failure to seek relief earlier, it appears that the depositions of the Brays has been the subject of continued discussion between counsel, including an offer, which was subsequently withdrawn by the defendant, that it would agree to the depositions if plaintiff would forgo the medical manager depositions that plaintiff is also seeking. Moreover, it does not appear that this problem is going to go away and having a more defined record, in terms of what these witnesses will likely testify to, will be of benefit to the trial court in considering the evidentiary issues that are likely to arise.

In balancing all of these considerations, the court will permit the depositions to go forward telephonically. In so ruling, the court notes that the defendant has not yet resolved with the Brays whether they are willing to appear in person for trial or whether the defendant will need to secure trial depositions. If the defendant needs to secure trial depositions, the court expects the parties will

work together to resolve how this will be accomplished because the court will not permit both telephonic depositions and another set of depositions prior to trial.

Finally, part of the purpose for taking the depositions of the Brays is so that plaintiff's counsel can obtain documents that may be relevant to this matter. Defendant's counsel claims that plaintiff already has these documents based on her participation in an alleged theft of the documents. At this point, the court has neither the time nor inclination to sort that issue out. Further, the court cannot be assured that what plaintiff may already have is a complete set of the relevant documents. The court expects that the Brays will produce, pursuant to an appropriate subpoena, any reasonably relevant documents that are specified, including as a minimum, those that have already been turned over to the defendant, since there can be no conceivable claim of privilege for these documents. While the court does not have jurisdiction over the Brays or the subpoena that will be served in Illinois, the court does have control over what testimony will be permitted in this action in the event of any unjustified noncompliance.

3. <u>Continued depositions of Keith and Shirley Magelky</u>

Plaintiff seeks to continue the depositions of Keith and Shirley Magelky because of Keith Magelky's failure to bring to the deposition documents that were subpoenaed from him.[2] The defendant claims that the continuation of the deposition will be a waste of time because Keith Magelky does not have any documents that directly relate to the substance of his testimony, but, even if this is true, there is a belief that there may be e-mails and other documents between he and the Brays, and possibly others, evidencing a coordinated campaign against the plaintiff that may be

---

[2] The excuse for not producing the documents was an apparent misunderstanding regarding the scope of the subpoena and the fact that the subpoenaed documents were in the possession of the witness's attorney. While the fact that the documents are in the possession of the witness's counsel is not a legitimate objection, it does appear that the witness was confused over the scope of the subpoena.

relevant for impeachment purposes. At this point, the court is not in a position to determine the relevancy of the subpoenaed documents.

Again, while the court is frustrated by the delay in bringing this issue to the court, the court will permit the continued depositions given the subject matter, primarily to obtain the documents, but also to allow a reasonable amount of examination regarding the documents. Defendant's counsel may participate by telephone if he wishes at the expense of plaintiff's counsel.

4. Medical manager depositions

Plaintiff also wants to depose four persons who performed medical management for BNSF. However, the amount of medical management in this case appears to be minimal with the primary issue of contention being written offers that were made, and not responded to by the plaintiff, regarding either rehabilitation or other work. Plaintiff's attorneys have the letters that were written and it is unlikely that any of the four persons identified will actually testify, other than possibly one to lay foundation for the letters.

Finally, it appears that not all of the four persons identified were directly involved and that one or more were working merely in a supervisory capacity. Putting aside for the moment the problem of time, plaintiff's counsel are not entitled to mindlessly depose everyone in sight and turn over every rock as part of the discovery process.

The court does not want to have to micro-manage the discovery process. Also, counsel for the parties are in the best position to determine what discovery is required to properly prepare their cases. But, the problem here is not only the ten deposition limit, but also the problem of the lateness of plaintiff's request, coupled, also, with the lateness of the other requests and their cumulative impact. Given the circumstances, plaintiff's counsel have failed to sufficiently convince the court

that it should excuse the failure to comply with the deadlines for these depositions, even to allow them to be taken telephonically. While telephone depositions offer the opportunity for significant cost-savings and are to be encouraged when practical, the parties still must expend significant effort in scheduling and preparing for the depositions.

     5.     <u>Scheduling of the ordered depositions</u>

The court expects that the parties will cooperate in the scheduling of the ordered depositions. Plaintiff's counsel indicate that they have a trial beginning on May 21, which will consume three weeks. However, there is not a lot of time left until the trial of this case and counsel for both parties have other cases. Under the circumstances, plaintiff's counsel will not be permitted to arbitrarily eliminate from the scheduling of these depositions the next three weeks.

     Dated this 22nd day of May, 2006.

<u>/s/ Charles S. Miller, Jr.</u>
Charles S. Miller, Jr.
United States Magistrate Judge