**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | |
|---|---|
| Cindy M. Magelky, ) | |
| ) | |
| Plaintiff, ) | **ORDER GRANTING PLAINTIFF'S** |
| ) | **COSTS AND DISBURSEMENTS** |
| vs. ) | |
| ) | |
| BNSF Railway Company, ) | Case No. 1:06-cv-025 |
| a corporation, ) | |
| ) | |
| Defendant. ) | |

On May 30, 2008, the jury returned a verdict in favor of the plaintiff, Cindy Magelky, and found that the defendant, BNSF Railway Company, had violated the Federal Safety Appliance Act on or about July 2-3, 2004. The jury found that BNSF's violation of the Federal Safety Appliance Act did cause, in whole or in part, Magelky's injuries which resulted in compensatory damages in the amount of $850,000. On June 9, 2008, an Order for Judgment was entered in favor of Magelky and the Court ordered that Magelky shall recover reasonable costs and disbursements. See Docket No. 87. On June 24, 2008, the Plaintiff's Stipulated and Controverted Bill of Costs was filed. The plaintiff seeks the taxation of costs against BNSF in the amount of $52,090.48. See Docket No. 91. BNSF has agreed to the taxation of costs in the amount of $15,236.34. The remaining controverted costs amount to $36,854.14.

**I.      LEGAL DISCUSSION**

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides in relevant part as follows:

(d)     Costs; Attorney's Fees.

(1)     Costs Other Than Attorney's Fees. Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party.

The Eighth Circuit has explained that Rule 54(d) "represents a codification of the 'presumption that the prevailing party is entitled to costs.'" Greaser v. Missouri, 145 F.3d 979, 985 (8th Cir. 1998) (quoting Bathke v. Casey's General Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995)). Despite the presumption, the district court has significant discretion in awarding costs to the prevailing party. Greaser, 145 F.3d at 985 (citing Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997)); see Brisco-Wade v. Carnahan, 297 F.3d 781, 783 (8th Cir. 2002) ("Rule 54(d) gives the district court discretion not to award costs to the prevailing party. . . .") The Court will address the controverted costs which remain.

**A.      FEES FOR SERVICE OF SUMMONS, COMPLAINT, AND SUBPOENA**

The taxation of fees for service of process is authorized by 28 U.S.C. § 1920(1). The plaintiff claims that costs were incurred in the amount of $20 in fees for service of the summons and complaint to which BNSF has objected. BNSF has stipulated to all of the other witness fees and mileage in this portion of the Plaintiff's Bill of Costs.

Under binding Eighth Circuit precedent, costs for private service of process are not taxable. Crues v. KFC Corp., 768 F.2d 230, 234 (8th Cir. 1985). Although there are certainly reasonable

arguments that can be made for allowing for the recovery of such costs, the law in the Eighth Circuit is clear. The private process service fee of $20 is **DENIED**.

### B. FEES OF COURT REPORTERS

The taxation of court reporter fees is governed by 28 U.S.C. § 1920(2). The only court reporter fee to which BNSF has objected is the fee for the transcript of the opening statement of BNSF attorney James Hill. The plaintiff has failed to present any statutory law or case law that would support a finding that the trial transcript of the opening statement is an allowable and taxable cost under 28 U.S.C. § 1920. The court reporter fee for the transcript of the opening statement of BNSF counsel in the amount of $103.95 is **DENIED**.

### C. ATTENDANCE, TRAVEL, AND SUBSISTENCE FEES FOR WITNESSES

28 U.S.C. § 1821(a)(1) authorizes the taxation of costs for the attendance fee and travel and subsistence allowances of witnesses who testify at trial and in depositions:

> Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.

28 U.S.C. § 1821(b) provides that witnesses "shall be paid an attendance fee of $40 per day for each day's attendance" at trial or a deposition. In this section of the Plaintiff's Bill of Costs, the plaintiff is claiming expert witness fees in the total amount of $40,534.64. See Docket No. 91. These costs primarily consist of expert witness fees for the development of expert testimony, attendance at depositions, and trial. BNSF has stipulated to the sum of $4,036.95 in recoverable witness fees based on $40 per day and actual travel costs, except for (1) the trial witness fee and

travel expenses for plaintiff's expert witness Raymond Duffany, and (2) two days of hotel expenses for plaintiff's expert Edward Foster. BNSF is objecting to any expert witness fees beyond the $40 per day witness fee plus reasonable travel expenses.

With respect to the plaintiff's expert witness Raymond Duffany, BNSF contends that Duffany's sole role was to testify as to BNSF's negligence and that Duffany did not testify on the issue of BNSF's violation of the Federal Safety Appliance Act. BNSF argues that because the plaintiff did not prevail on the issue of negligence at trial, she should not be awarded the $40 per day witness fee and travel expenses related to Duffany's trial testimony. The Court agrees. BNSF has also objected to two evenings of hotel accommodations for expert witness Edward Foster. BNSF claims that it was the plaintiff's own trial scheduling problems that required Foster to remain in Bismarck for two evenings. BNSF has stipulated to one day of hotel accommodations for Foster's attendance at trial. The Court also agrees that this is reasonable under the circumstances.

It is well-established that absent statutory authority to the contrary, expert witness fees are limited to the $40 per day witness fee permitted by 28 U.S.C. § 1821. Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 300-302 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 440-445 (1987). There are a few older Eighth Circuit cases that allow for the recovery of actual expert witness fees when the testimony has been crucial to the resolution of the case. See Crues v. KFC Corp., 768 F.2d 230, 234-235 (8th Cir. 1985) (citing Nemmers v. City of Dubuque, 764 F.2d 502, 506 (8th Cir. 1985)). Occasionally, these cases are still cited as authority for the recovery of actual expert witness fees. However, the Eighth Circuit cases were decided prior to the Supreme Court pronouncement in Crawford Fitting Co.; see C. Wright, A. Miller, & M. Kane Federal Practice and Procedure: Civil 3d § 2678 (1998). In Crawford Fitting Co., the United States

Supreme Court held that a prevailing party's recovery of expert witness fees could not exceed the statutory limit. 482 U.S. at 441-442. This Court does not have the authority to tax costs beyond that allowed under 28 U.S.C. § 1821 and cannot award expert witness fees beyond the $40 per day limit, plus reasonable travel and subsistence. The Court agrees with BNSF's position and arguments on this subject matter. The plaintiff's request for expert witness fees in the amount of $36,497.69 is **DENIED**.

### D.  FEES FOR EXEMPLIFICATION AND COPIES OF PAPERS NECESSARILY OBTAINED FOR USE IN THE CASE

28 U.S.C. § 1920(4) authorizes the taxation of fees for "copies of papers necessarily obtained for use in the case." BNSF only disagreed with two items of reproduction costs requested by the plaintiff – costs to obtain her own tax returns and her earnings records. These costs amount to $232.50. BNSF has objected to the amount paid to the United States Treasury to receive copies of the plaintiff's tax returns. BNSF contends that the plaintiff should have had copies of her tax returns and this is not a cost which should be taxed to BNSF. In addition, the plaintiff seeks to recover the amount paid to the Social Security Administration to obtain her earnings records. BNSF argues that the plaintiff should have also had copies of her earnings records and that such records were never introduced at trial nor used by her expert witness to calculate the economic losses sustained.

Although these costs are minimal in the grand scheme of things, the Court, in its discretion, agrees with the arguments presented by BNSF and **DENIES** the taxation of such costs in the amount of $232.50.

**II.     CONCLUSION**

The overwhelming majority of the costs in dispute concern the request for the recovery of unallowable expert witness fees.  Although such expert witness fees would be recoverable in the state courts, this Court does not have the authority to tax costs beyond that allowed under 28 U.S.C. §§ 1821 and 1920, and does not have the authority to award expert witness fees beyond the statutory per diem rate of $40 plus reasonable travel and subsistence.

The Court, in the exercise of its discretion under Rule 54(d), awards costs and disbursements to the plaintiff, Cindy Magelky, in the amount of **$15,236.34** which represents the taxable costs and disbursements to which the parties have agreed.  In the exercise of its discretion, the Court declines to award any portion of the controverted costs for the reasons set forth above.  Pursuant to Local Rule 54.1, the Court directs the Clerk's Office to insert the amount of costs taxed in the judgment in the amount of **$15,236.34**.

**IT IS SO ORDERED.**

Dated this 28th day of July, 2008.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court